IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY A. TARASOFF, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:21-cv-01506-C |
| | § | |
| SECURITY FINANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, SECURITY FINANCE OF TEXAS, LP ("Security Finance"), incorrectly sued as Security Finance Corporation, pursuant to FED. R. CIV. P. 56, respectfully moves for entry of summary judgment against Plaintiff.

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 1

ISSUES TO BE RULED UPON AND STANDARD OF REVIEW ................................... 2

SUMMARY OF ARGUMENT .............................................................................................. 3

ARGUMENT ........................................................................................................................... 3

    I.    Plaintiff Cannot Establish a Violation of the TCPA Because Security Finance Does Not Use an Autodialer. ............................................................ 3

    II.    Plaintiff's TDCA Claim Fails Because Security Finance Did Not Engage in the Harassing Conduct Prohibited by §392.302(1). ...................... 5

CONCLUSION ....................................................................................................................... 8

CERTIFICATE OF SERVICE .............................................................................................. 9

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bassett v. I.C. Sys., Inc.*,
    715 F. Supp. 2d 803 (N.D. Ill. 2010) ........................................................................... 7

*Carrillo v. Bank of Am., N.A.*,
    No. CIV.A. H-12-3096, 2013 WL 1558320 (S.D. Tex. Apr. 11, 2013) ........................ 6

*Cherkaoui v. Santander Consumer USA, Inc.*,
    32 F. Supp. 3d 811 (S.D. Tex. 2014) ........................................................................... 6

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ..................................................................................................... 2

*Denley v. Vericrest Fin., Inc.*,
    No. CIV.A. H-12-992, 2012 WL 2368325 (S.D. Tex. June 21, 2012) ......................... 6

*Enis v. Bank of Am., N.A.*,
    No. 3:12-CV-0295-D, 2013 WL 1721961 (N.D. Tex. Apr. 22, 2013) .......................... 7

*Enloe v. Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Long
    Beach Mortg. Loan Tr. 2005-2*,
    No. 4:18-CV-00603-P, 2020 WL 819373 (N.D. Tex. Feb. 19, 2020) ........................... 6

*Enloe v. Deutsche Bank Nat'l Tr. Co.*,
    No. 4:18-CV-00603-P-BP, 2020 WL 825815 (N.D. Tex. Jan. 29, 2020) ..................... 6

*Facebook, Inc. v. Duguid*,
    141 S. Ct. 1163, 209 L. Ed. 2d 272 (2021) ................................................................... 4

*Guajardo v. GC Servs., LP*,
    No. CIV. A. H-08-119, 2009 WL 3715603 (S.D. Tex. Nov. 3, 2009) .......................... 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574, 587 (1986) .............................................................................................. 2

*Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*,
    No. CV H-18-3667, 2019 WL 2524244 (S.D. Tex. June 19, 2019) (Rosenthal,
    J.) (internal quotation marks omitted) .......................................................................... 2

*Parker v. Buckley Madole, P.C.*,
   No. 417CV00307ALMCAN, 2018 WL 1704079 (E.D. Tex. Jan. 11,
   2018) *report and recommendation adopted,* No. 4:17-CV-307, 2018 WL
   1625670 (E.D. Tex. Apr. 4, 2018) ................................................................................ 7

*Smallwood v. Bank of Am.*,
   No. 3:11-CV-1283-D, 2012 WL 32654 (N.D. Tex. Jan. 6, 2012) ................................. 6

**Statutes and Rules**

Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(2) ................................... 8, 9

Tex. Fin. Code § 392.302 ...................................................................................... passim

**Rules**

Fed. R. Civ. P. 56 .................................................................................................... 1, 2

**Regulations**

53 C.F.R. 50097-02, 50105 (Dec. 13, 1988) ....................................................................... 8

Telephone Consumer Protection Act, 47 U.S.C. § 227(a) ........................................ 4

Telephone Consumer Protection Act, 47 U.S.C. § 227(b) ........................................ 4

**INTRODUCTION**

1.      This suit involves two statutory claims for recovery.

2.      First, Plaintiff alleges that Security Finance violated the Telephone Consumer Protection Act (the "TCPA"), which regulates the use of certain technologies in the telephonic contact of consumers. Security Finance does not utilize the technologies regulated by the TCPA, and therefore cannot and did not violate the statute.

3.      Second, Plaintiff alleges that Security Finance violated the Texas Debt Collection Act ("TDCA") by placing phone calls to Plaintiff and his mother in violation of Section 392.302(1) of the TDCA. However, the allegations pertaining to the calls from Security Finance include none of the allegations necessary to establish a claim under § 392.302(1).

4.      Thus, summary judgment should be granted in favor of Security Finance.

**FACTUAL BACKGROUND**

5.      Plaintiff is a borrower and Security Finance is a lender.

6.      On October 16, 2020, Plaintiff executed a Promissory Note ("Note") in favor of Security Finance, which contains language consenting to accept calls and receive mail from Security Finance.[1] As part of the application process, Plaintiff provided his cellular telephone number (ending -6603), and signed the application which contains language authorizing Security Finance to contact him at the provided number(s) for collections.[2] Plaintiff also signed a separate consent to be contacted via text message.[3] Plaintiff provided his mother's cellular telephone number (ending -9020) as part of his application as well.[4]

---

[1] The Note is attached as Exhibit 1-A to the Affidavit of Security Finance.
[2] The Application is attached as Exhibit 1-B to the Affidavit of Security Finance.
[3] The Voluntary Texas Messages Notice and Consent is attached as Exhibit 1-C to the Affidavit of Security Finance.
[4] *See* Exhibit 1-B (Application) at p. 2.

1

7. The Note requires monthly payments beginning on November 16, 2020.[5]  Plaintiff did not make all payments as they came due.[6]  Rather, Plaintiff made only two of the eight payments required under the Note.[7]

8. On June 28, 2021, Plaintiff filed this lawsuit.[8]  Plaintiff alleges, *inter alia*, that Security Finance violated the TCPA by calling his cellular telephone using an autodialer without Plaintiff's or his mother's consent and continued doing so after Plaintiff withdrew his consent.[9]  Plaintiff also alleges that Security Finance violated Section 392.302(1) of the TDCA by placing more than 25 calls to Plaintiff after he requested calls to cease and at least 10 calls to his mother.[10]

## ISSUES TO BE RULED UPON AND STANDARD OF REVIEW

9. Summary judgment is proper when the pleadings and evidence demonstrate that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.[11]  The moving party bears the initial burden of pointing to portions of the record that demonstrate the absence of a genuine dispute about a material fact.[12]  "Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial."[13]  Once the movant has met this initial burden, the burden shifts to the nonmovant to come forward with "specific facts showing that there is a genuine issue for trial."[14]

---

[5] *See* Exhibit 1-A (Note) at "When Payments Are Due."
[6] The Payment History is attached as Exhibit 1-D to the Affidavit of Security Finance. *See also* Original Complaint (D.E. 1) at ¶17 (Plaintiff alleges he fell behind on payments).
[7] *Compare* Exhibit 1-A (Note) with 1-D (Payment History).
[8] *See* Complaint (D.E. 1).
[9] *See* Complaint (D.E. 1) at ¶¶ 42-48.
[10] *See* Complaint (D.E. 1) at ¶¶ 57-58.
[11] FED. R. CIV. P. 56(a).
[12] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[13] *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, No. CV H-18-3667, 2019 WL 2524244, at *3 (S.D. Tex. June 19, 2019) (Rosenthal, J.) (internal quotation marks omitted).
[14] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (emphasis omitted).

10. Security Finance presents the following issues to be ruled upon by the Court:

   a. Whether Plaintiff's claim for violation of the TCPA fails if Security Finance does not use the type of telecommunications technology regulated by the TCPA; and

   b. Whether Plaintiff's claim for violation of Section 392.302(1) of the TDCA fails if Plaintiff has not alleged and cannot establish that Security Finance engaged in the harassing conduct prohibited by Section 392.302(1).

## SUMMARY OF ARGUMENT

11. Summary judgment should be granted against Plaintiff on his TCPA claim and TDCA claim. Plaintiff alleges that Security Finance violated the TCPA by using an autodialer without Plaintiff's consent, but Security Finance uses no such technology. Therefore, Security Finance could not have violated the TCPA as Plaintiff alleged. As to the TDCA claim, Section 392.302(1) requires a showing that the collector used profane or obscene language—conduct that has never been alleged in this case. Summary judgment on these two claims is appropriate.

## ARGUMENT

### I. Plaintiff Cannot Establish a Violation of the TCPA Because Security Finance Does Not Use an Autodialer.

12. Plaintiff alleges that Security Finance violated Section 227(b)(1)(A)(iii) of the TCPA by knowingly and willfully calling Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.[15]

13. As defined by the TCPA, an "automatic telephone dialing system" (sometimes called an autodialer) is a piece of equipment with the capacity both "to store or produce telephone numbers to be called, using a random or sequential number generator," and to dial those

---

[15] *See* Complaint (D.E. 1) at ¶42-55.

3

numbers.[16] The Supreme Court recently confirmed that this definition ***does not*** encompass equipment that can "store" and dial telephone numbers, even if the device does not "us[e] a random or sequential number generator."[17] The Supreme Court explained that the TCPA was passed in response to autodialers that "dial[ed] random or sequential block of telephone numbers automatically," and that a company did not use an autodialer when it made targeted, individualized communications to numbers linked to specific accounts.[18]

14. Security Finance does not use an autodialer. Attached hereto is the Declaration of Chief Information Officer, Robert Kelbe.[19] In the declaration, Mr. Kelbe describes in detail the NEC DS2000 telephone system used at the Amarillo branch (from which Plaintiff obtained his loan)[20] during the period at issue in this case.[21] Specifically, Mr. Kelbe testifies that the system was installed 2012 and was in continuous and exclusive use through mid-July 2021 and that this is the system from which Security Finance employees contacted Plaintiff.[22]

15. Importantly, Mr. Kelbe avers that the system "is not programmed by the manufacturer, and is not capable of being programmed, to automatically dial telephone numbers and/or deliver a prerecorded message without human intervention."[23] Rather, "a user must manually access each number by dialing a number code."[24] Indeed, the telephone system does not have the capacity, and is not capable of being modified to have the capacity, to store or produce numbers to be called, using a random or sequential number generator, and to dial such numbers.[25]

---

[16] 47 U.S.C. § 227(a)(1).
[17] *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167, 209 L. Ed. 2d 272 (2021).
[18] *Id.* at 1167, 1168.
[19] Exhibit 2 (Kelbe Declaration).
[20] Exhibit 1-A (Note).
[21] *Id.* at ¶¶ 3-5.
[22] *Id* at ¶ 3.
[23] *Id.* at ¶ 4.
[24] *Id.*
[25] *Id.* at ¶ 5.

16. The question for this Court is whether Security Finance used an autodialer dialing a random or sequential block of telephone numbers automatically. It did not. Mr. Kelbe's testimony establishes that the technology used by Security Finance makes calls to numbers specifically associated with a borrower's account, without prerecorded or artificial voice, and *only* with human intervention by entering a specific code assigned to the customer being called.

17. This case does not call upon the Court to split hairs over what is and is not an autodialer. Security Finance specifically chose a system that requires human intervention to make calls to its customers and does not use prerecorded or artificial voice, avoiding this fight entirely. Because Security Finance does not use an autodialer or prerecorded or artificial voice, then Plaintiff cannot prevail on his claim that Security Finance violated the TCPA by calling him or his mother by using an autodialer or artificial or prerecorded voice.

18. Beyond an award of statutory damages for a negligent violation of the TCPA, Plaintiff also seeks an award of increased statutory damages for Security Finance's knowing and/or willful violations of the TCPA. Because the TCPA does not apply to Security Finance, Plaintiff is not entitled to statutory damages for either negligent violations or knowing and/or willful violations of the TCPA.

19. Plaintiff cannot establish that Security Finance violated the TCPA, much less knowingly and willfully. Plaintiff's TCPA claim fails.

II. **Plaintiff's TDCA Claim Fails Because Security Finance Did Not Engage in the Harassing Conduct Prohibited by §392.302(1).**

20. Plaintiff asserts that Security Finance violated Section 392.302(1) of the TDCA. To be clear, Section 392.302(1) *is not* about the number of calls placed or about calls to third parties. Rather, this provision is about the ***use of offensive language*** during collection calls. This section states:

5

> "In debt collection, a debt collector may not oppress, harass, or abuse a person by:
>
> > (1) using profane or obscene language or language intended to abuse unreasonably the hearer or reader;…"[26]

Plaintiff asserts that Security Finance violated this provision by placing more than 25 calls to Plaintiff after he requested that calls cease and placing at least 10 phone calls to Plaintiff's mother.[27] But Section 392.302(1) has nothing whatsoever to do with the number of calls or calls to third parties.

21. Texas courts have interpreted section 392.302(1) to mean exactly what it says—the statute prohibits the use of ***profane or obscene language*** in debt collection calls. A debtor must also establish the requisite intent of the creditor to harass the debtor through the content of the phone calls in order to prevail on a claim under Section 392.302.[28] A creditor's failure to be responsive to a debtor of his requests does not constitute a violation of this provision.[29] Likewise, a creditor's attempts to collect a debt that is legally extinguished or use of letters addressed to a debtor's deceased spouse do not violate Section 392.302(1) because these activities ***do not utilize language intended to abuse the debtor***.[30] Similarly, a creditor's repeated calls, alleged misplacement of paperwork and follow up requests for more information do not constitute harassment under Section 392.302(1) because the creditor ***did not use any profane or otherwise inappropriate language***.[31]

---

[26] TEX. FIN. CODE § 392.302(1) .
[27] Original Complaint (D.E. 1) at ¶ 58.
[28] *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 816 (S.D. Tex. 2014)
[29] *Denley v. Vericrest Fin., Inc.*, No. CIV.A. H-12-992, 2012 WL 2368325, at *3 (S.D. Tex. June 21, 2012) (dismissing TDCA claims). *See also Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2012 WL 32654, at *4 (N.D. Tex. Jan. 6, 2012).
[30] *Enloe v. Deutsche Bank Nat'l Tr. Co.*, No. 4:18-CV-00603-P-BP, 2020 WL 825815, at *6 (N.D. Tex. Jan. 29, 2020), *report and recommendation adopted sub nom. Enloe v. Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Long Beach Mortg. Loan Tr. 2005-2*, No. 4:18-CV-00603-P, 2020 WL 819373 (N.D. Tex. Feb. 19, 2020).
[31] *Carrillo v. Bank of Am., N.A.*, No. CIV.A. H-12-3096, 2013 WL 1558320, at *7 (S.D. Tex. Apr. 11, 2013).

22. Because there are few cases interpreting § 392.302(1), Texas courts also look to cases interpreting the almost identical provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d(2).[32] But Plaintiff fares no better with the FDCPA. Under the analog provision of the FDCPA, "a debt collector's *implied threat of violence, use of religious slurs, profanity, obscenity*, of calling the consumer a liar or a deadbeat along with one's use of *racial or sexual epithets* may suffice to establish a violation…"[33] In contrast, courts have found a debt collector's rude language generally will not violate Section 1692d of the FDCPA.[34] The absence of obscenity or profanity by the creditor is grounds for dismissal of a claim under Section 1692d(2) of the FDCPA.[35]

23. Here, Plaintiff has made no made any allegations whatsoever of Security Finance "using profane or obscene language or language intended to abuse unreasonably the hearer or reader."[36] Rather, Plaintiff alleges he was called more than 25 times and that his mother was called at least 10 times. The Complaint is wholly devoid of any allegation of profanity, obscene language, or language intended to abuse the hearer or reader.

---

[32] *Enis v. Bank of Am., N.A.*, No. 3:12-CV-0295-D, 2013 WL 1721961, at *5 (N.D. Tex. Apr. 22, 2013). Section 1692d(2) prohibits a debt collector from using "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."

[33] *Parker v. Buckley Madole, P.C.*, No. 417CV00307ALMCAN, 2018 WL 1704079, at *7 (E.D. Tex. Jan. 11, 2018), *report and recommendation adopted,* No. 4:17-CV-307, 2018 WL 1625670 (E.D. Tex. Apr. 4, 2018) (citing Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02, 50105 (Dec. 13, 1988) (internal quotations omitted)(emphasis added)).

[34] *See, e.g., Guajardo v. GC Servs., LP*, No. CIV. A. H-08-119, 2009 WL 3715603, at *1 (S.D. Tex. Nov. 3, 2009) (finding no violation where debt collector called consumer a liar and "demanded 'payment in full within 24 hours or else' " and highlighting that the consumer "[did] not allege that [the debt collector] ever used obscene or profane language, threatened violence, or misrepresented its true purpose in any communication"); *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 809 (N.D. Ill. 2010)(finding no violation where debt collector called consumer "a liar, laughed at him, and accused him of trying to make excuses to get out of paying his debt" and collecting cases to same effect).

[35] *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 724–25 (S.D. Tex. 2012). *See also Brinson v. Park on Bandera Apartments*, No. SA-22-CV-00038-ESC, 2022 WL 3219422, at *5 (W.D. Tex. Aug. 9, 2022) (Plaintiff's factual allegations do not concern obscene or profane language, requiring dismissal).

[36] TEX. FIN. CODE § 392.302(1).

7

24.     Security Finance answered Plaintiff's discovery requests in November 2021. The pleadings deadline closed two months later in January 2022.[37] Nine months later, Plaintiff has not amended to allege a single factual allegation in support of the 392.302(1) claim.

25.     Plaintiff has neither alleged—nor can he demonstrate—that Security Finance used profane or obscene language or language intended to abuse unreasonably Plaintiff or his mother in collection of the defaulted Loan. Security Finance is entitled to summary judgment on the TDCA claim.

## **CONCLUSION**

Plaintiff took out a loan in 2020 and then promptly defaulted on the loan. Plaintiff expressly gave Security Finance permission to contact his cellular telephone for the purpose of collection. Security Finance did not use any technology covered by the TCPA when contacting Plaintiff to attempt to collect the debt he owes. Moreover, Security Finance never used profane or obscene language when speaking to Plaintiff or his mother. This Court should grant summary judgment on all of Plaintiff's claims.

---

[37] Scheduling Order (D.E. 12).

WHEREFORE, for the foregoing reasons, Defendant, SECURITY FINANCE OF TEXAS, LP respectfully requests that this Court grant summary judgment in its favor, and grant any other and further relief as this Court deems just and proper.

Respectfully submitted,

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
TBN# 24065813
HUSCH BLACKWELL, LLP
600 Travis Street, Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile
sabrina.neff@huschblackwell.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion for Summary Judgment has been served upon all counsel of record via the Court's ECF system on this the 15th day of September, 2022.

By: */s/ Sabrina A. Neff*
Sabrina A. Neff

9