## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ANTHONY A. TARASOFF, | |
| Plaintiff, | Case No: 3:21-cv-01506-C |
| v. | |
| SECURITY FINANCE CORPORATION, | Honorable Judge Samuel R. Cummings |
| Defendant. | |

## PLAINTIFF'S MOTION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(D) AND SUPPORTING MEMORANDUM

**NOW COMES** Anthony A. Tarasoff ("Plaintiff"), by and through his undersigned counsel, pursuant to Fed. R. Civ. P. 56(d) moves this Honorable Court to Continue Defendant Security Finance Corporation's ("Defendant") Motion for Summary Judgment (Dkt. 16) and Supporting Memorandum ("Defendant's Motion"). Plaintiff moves this Honorable Court to defer ruling on Defendant's Motion until discovery has been completed pursuant to Fed. R. Civ. P. 56(d)(1), as discovery has not been completed in this case and Plaintiff requires additional discovery to adequately respond to Defendant's Motion.

### I.   INTRODUCTION

Defendant's Motion asserts that it is entitled to summary judgment in its favor in connection with Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA") and Texas Debt Collection Act ("TDCA"). Defendant's Motion is premised entirely on its suggestion that Plaintiff cannot set forth any evidence to support his claims, and further asserts that the self-serving declaration of Defendant's principal illustrate that it is entitled to judgment in its favor in connection with Plaintiff's TCPA claim.

1

However, Plaintiff's purported failure in this regard is due directly to the incomplete nature of discovery in this matter – specifically, that Plaintiff has not yet taken the 30(b)(6) deposition of Defendant's corporate representative. The importance of the evidence only gatherable through deposition testimony illustrates that Plaintiff should be granted the opportunity to take Defendant's 30(b)(6) deposition prior to addressing Defendant's Motion. Therefore, Plaintiff opposes Defendant's Motion pursuant to Fed. R. Civ. P 56(d), and requests that the Court defer considering Defendant's Motion until such time as Plaintiff takes the 30(b)(6) deposition of Defendant's corporate representative, completes the discovery process, and can submit a corresponding supplemental response to Defendant's Motion.

## II.   LEGAL STANDARD

Under Rule 56(d) the court has considerable discretion to defer a summary judgment motion "if the nonmovant demonstrates an inability to support its opposition with evidence to raise a genuine issue of material fact." *Total E&P USA, Inc. v. Marubeni Oil & Gas USA, Inc*., 2017 WL 86875, at *1 (S.D. Tex. Jan. 10, 2017) (citing *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422 (5th Cir. 2016)). Motions made under Fed. R. Civ. P. 56(d) for additional discovery "are broadly favored and should be liberally granted." Id. (citing *Smith v. Reg'l Transit Auth.,* 827 F.3d 412, 422 (5th Cir. 2016); *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)). The purpose of Rule 56(d) is "to give the nonmovant the opportunity to adequately oppose a summary judgment motion." *Peacock Carpedia Int'l Ltd*., No. CV H-10-2273, 2012 WL 13048219, at *2 (S.D. Tex. Jan. 3, 2012) (citing *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009)). Under Rule 56(d), the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(1)-(3).

2

## III.   ARGUMENT

### A.  Plaintiff Must Be Allowed to Conduct Additional Discovery Regarding Defendant's Claim to Justify His Opposition to Defendant's Motion

As set forth in the accompanying affidavit, Plaintiff needs further discovery to obtain facts essential to justify his opposition to Defendant's Motion. *See* Exhibit A, Affidavit of undersigned counsel, Alexander J. Taylor. Defendant's Motion is predicated on the information disclosed by Defendant in written discovery, as well as a self-serving declaration, and Plaintiff's purported lack of evidence to support his claims.

However, absent Defendant's deposition testimony, Plaintiff could not reasonably obtain any of the information regarding the intent of the collection calls Defendant made to Plaintiff and the system Defendant used to place those calls. Furthermore, denying Plaintiff the opportunity to take Defendant's deposition will deny Plaintiff the ability to confront Defendant about the discrepancies between Defendant's written discovery and Plaintiff's subpoenaed phone records, the lack of recordings and content of the connected calls, as well as the potential use of third-party vendors that are evidenced by discovery but as of yet undisclosed. To prove a claim under Texas Debt Collection Practices Act (Tex. Fin. Code Ann. §302 et. seq.), Plaintiff must show an intent to annoy, abuse, or harass. However, in its motion Defendant argues that the number of calls is not enough to infer that intent. Plaintiff requires Defendant's deposition testimony in order to ascertain whether there was an ulterior motive in repeatedly contacting Plaintiff. Moreover, Defendant specifically targets Plaintiff's claim under 392.302(1), quoting the law as "In debt collection, a debt collector may not oppress, harass, or abuse a person by: using profane or obscene language **or language intended to abuse unreasonably the hearer or reader**;…" (Defendant's Motion, Pg. 6, emphasis added). As Defendant has produced no recordings, a deposition is the only way to determine: 1) the exact language used and 2) the intent of the language used, particularly in regards

to the harassing calls made to Plaintiff's mother.[1] Moreover, denying Plaintiff the opportunity to depose Defendant's corporate representative would deny Plaintiff the opportunity to ascertain the veracity of Defendant's initial discovery responses. Specifically, Plaintiff needs the ability to question Defendant: about the system used to record calls, how the calls are recorded, the system used to track outbound and inbound calls, potential errors, the date Defendant acquired the debt, and discrepancies between the call records and Plaintiff's pleadings. As such, it is clear that the information Plaintiff would seek through Defendant's deposition testimony and additional discovery is essential to justify his opposition.

Furthermore, Defendant cannot assert that Plaintiff's request for further time to take Defendant's corporate deposition and conduct further discovery is the result of dilatory behavior on the part of Plaintiff. To the contrary, Plaintiff originally set Defendant's deposition for August 24, 2022. Due to a personal issue, Defense counsel, understandably, requested the deposition be delayed. Plaintiff has noticed Defendant's deposition for October 13, 2022.

Furthermore, it is important to emphasize that discovery in this matter does not close until December 12, 2022. [Dkt. 12]. Recognizing the importance of Defendant's deposition, the parties filed a joint motion to extend the mediation deadline to allow for Plaintiff to take Defendant's deposition, which the Court granted. [Dkt. 17-18]. Recognizing the importance of this vital piece of discovery, the Court should defer considering the Motion until such time as Plaintiff can conduct the deposition of Defendant's corporate representative and complete discovery. The attached

---

1 While Defendant's Motion is addressed solely toward Plaintiff's 392.302(1) claim, Plaintiff's Complaint ¶58 states "Defendant violated the TDCA in numerous ways, including placing more than 25 collection calls to Plaintiff after he requested that the calls cease and placing at least 10 phone calls to Plaintiff's mother regarding a debt that did not belong to her and coercing payment form his mother." This is a clear demonstration of an alleged violation of 392.302(4) "In debt collection, a debt collector may not oppress, harass, or abuse a person by: causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

affidavit and information provided in this Response illustrates that the specific facts sought to be gleaned from such deposition are essential to Plaintiff's claims. It is further likely that the requested deposition will elicit such essential facts. Therefore, Plaintiff has met his showing for relief under Fed. R. Civ. P. 56(d).

**CONCLUSION:**

As set forth herein, Plaintiff requests, pursuant to Fed. R. Civ. P. 56(d), that the ruling of Defendant's Motion be deferred so that Plaintiff may conduct discovery.

Date: October 6, 2022                                           Respectfully submitted,

                                                                       */s/ Alexander J. Taylor*
                                                                       Alexander J. Taylor
                                                                       *Counsel for Plaintiff*
                                                                       Sulaiman Law Group, LTD
                                                                       2500 S. Highland Ave., Ste. 200
                                                                       Lombard, IL 60137
                                                                       Phone (630)575-8181
                                                                       Fax: (630)575-8188