**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY A. TARASOFF,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 3:21-cv-01506-C** |
| | § | |
| **SECURITY FINANCE CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT SECURITY FINANCE OF TEXAS, LP'S OBJECTIONS TO AREAS OF EXAMINATION, MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH

Defendant SECURITY FINANCE OF TEXAS, LP ("Security Finance"), incorrectly sued as Security Finance Corporation objections to areas of examination, motion for protective order and motion to quash deposition notice of Security Finance's corporate representative, files these.

## BACKGROUND

1.      This suit involves two statutory claims for recovery: (1) alleged violation of the Telephone Consumer Protection Act (the "TCPA"), which regulates the use of certain technologies in the contact of consumers; and (2) alleged violation a provision of the Texas Debt Collection Act ("TDCA") which prohibits the use of profane or obscene language in debt collection.

2.      On October 12, 2022, Plaintiff served his Notice of Deposition for Security Finance's corporate representative. The deposition is noticed for an agreed date of October 18, 2022. A true and correct copy of the Notice of Deposition is attached hereto as Exhibit A.

3.      The Notice of Deposition includes ***fifty-seven (57) areas of examination***. Security Finance objects to a number of these areas of examination in that:

- Nineteen (19) areas focus on TCPA compliance, despite prior sworn testimony regarding Security Finance's telephone equipment demonstrating that it is not regulated by the TCPA and Security Finance's document production evidencing Plaintiff's prior written consent to be contacted on his cellular phone;

- Six (6) areas of examination pertain to third-party vendors used for debt collection when Security Finance has already answered written discovery that no such vendors were used for Plaintiff's account;

- Three (3) areas of examination pertain to call recordings when Security Finance has already answered written discovery that it does not record calls and has no call recordings with Plaintiff; and

- Several areas of examination seek information not relevant to the parties' claims or defenses or otherwise covered by privilege.

4.      For the reasons set forth below, Security Finance seeks an order protecting it from examination on the specified objectionable areas of examination.

## **PARTIAL COMPLIANCE**

5.      Security Finance intends to produce Brian Jones, Vice President of Operations for the North Texas Region. Mr. Jones is a 23-year employee of the company and is prepared to testify on the remaining areas of inquiry, which pertain to Plaintiff's account history, communications with Plaintiff, and Security Finance's collection practices.

## **ARGUMENT AND AUTHORITIES**

6.      A court may issue an order protecting a person served with a deposition notice from areas of examination that are cumulative or duplicative.[1] When a party has repeatedly given testimony regarding a threshold issue for the application of a statute (both in this case and in prior cases), then a court may issue an order protecting the party from areas of examination peculiar to that prior testimony. Likewise, a court may issue an order protecting a person from areas of examination that are irrelevant and not reasonably calculated to lead to the discovery of

---

[1] FED. R. CIV. P. 26(b)(2)(c)(i).

admissible evidence, especially if they have no bearing on the case's existing claims or defenses. "The role of discovery…is to find support for properly pleaded claims, not to find the claims themselves."[2] Rule 26(b)(1) makes clear that any discovery must be relevant to a party's claim or defense.[3] And the Committee Comments to Rule 26 confirm that requiring relevance to a claim or defense "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." A claimant who seeks discovery in order to determine whether to plead certain claims "has the matter backwards…" and is not entitled to such discovery.[4] Finally, a court has the authority to limit the scope of discovery based on the needs and circumstances of the case.[5]

**Areas of Inquiry Related to the TCPA**

7.     Plaintiff alleges that Security Finance violated the TCPA by calling Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.[6] Security Finance has already provided sworn testimony that it does not use these technologies at all. The Declaration of Chief Information Officer, Robert Kelbe[7] describes in detail the NEC DS2000 telephone system used during the period at issue in this case, including its physical components, capabilities, and how it is used.[8] Security Finance does not use an automatic dialer or artificial or prerecorded voice in its collection activities and therefore is not regulated by the TCPA.

8.     Even though Security Finance does not use any technology regulated by the TCPA, nineteen (19) of Plaintiff's areas of examination pertain to TCPA compliance:

---

[2] *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009).
[3] FED. R. CIV. P. 26(b)(1).
[4] *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017).
[5] FED. R. CIV. P. 26(b)(1).
[6] *See* Complaint (D.E. 1) at ¶42-55.

| 8 | The outbound dialing systems utilized by SFC to place calls to consumers in the last 5 years. |
|---|---|
| 9 | The technology, electronic devices, equipment, and systems, including but not limited to, hardware and software utilized by SFC in the last 5 years to store phone numbers of persons whom it is attempting to collect from. |
| 10 | The technology, electronic devices, equipment, and systems utilized by SFC in the last 5 years to assist SFC in the collection of delinquent accounts. |
| 11 | The technology, electronic devices, equipment, and systems employed by SFC to enable or assist it in placing phone calls to consumers whom SFC is attempting to collect debts from. |
| 12 | The capabilities of the technology, electronic devices, equipment, and systems utilized by SFC in the last 5 years to assist SFC in the collection of delinquent accounts. |
| 13 | The level of human intervention that is required to enable the technology, equipment, and systems utilized by SFC to place phone calls to consumers in which it is collecting debts from. |
| 14 | Whether the technology, electronic devices, equipment, and systems used by SFC to place calls to Plaintiff has the capacity to (a) store numbers or (b) produce numbers, using a random or sequential number generator, and dial those numbers. |
| 15 | All outbound dialing modes utilized by SFC to place calls Plaintiff, including a step by step inquiry on how the calls are initiated and placed. |
| 16 | SFC's use of predictive dialers. |
| 17 | All outbound dialing systems utilized by SFC to place outbound calls to Plaintiff in the last 3 years. |
| 29 | Policies and procedures implemented by SFC to ensure compliance with the Telephone Consumer Protection Act ("TCPA"), including the policies and procedures SFC provides to its vendors/contractors that are collecting debts on its behalf. |
| 33 | All judgments (including summary judgment) entered against SFC in the last 4 years for violations of the TCPA. |
| 34 | All jury verdicts returned against SFC in the last 5 years for violations of the TCPA. |
| 36 | Unprotected deposition testimony provided by SFC in cases alleging violations of the TCPA ... |
| 49 | Procedures employed by SFC to obtain consent to call consumers on their cellular phones. |
| 50 | SFC's utilization of pre-recorded messages to consumers. |
| 51 | Prerecorded messages SFC sent/delivered to Plaintiff in the last 3 years. |

---

[7] *See* Kelbe Declaration (D.E. 16-2).

[8] *Id.* at ¶¶ 3-5.

| 52 | Phone calls placed by SFC to Plaintiff that utilized an artificial or prerecorded voice. |
| 57 | Consent decrees that SFC has entered into in the last 4 years pertaining to its collection practices, including cases in which it was alleged that SFC's collection phone calls to consumers violated the TCPA. |

It is important to note that Plaintiff's other claim (the TDCA violation) pertains to use of profanity or obscenities in debt collection. These nineteen (19) areas of examination pertaining to the phone systems, their capabilities, and the use of certain telephony technology are wholly unrelated to Plaintiff's other claim. They solely pertain to the TCPA claim and prior testimony forecloses the application of the TCPA to Security Finance's collection activities.

9.    Additionally, many of these requests seek information from an overbroad period of time. The calls at issue in this case begin in December 2020. D.E. 1 (Complaint) at ¶ 18. However, areas of examination 17 and 51 seek testimony about 2019, area 57 seeks testimony about 2018, and areas 8, 9, 12, and 34 seek testimony about 2017. Information from years and years before the calls at issue in this case is irrelevant to the claims asserted.

10.    What's more, Plaintiff's counsel has repeatedly been given testimony by Security Finance in other cases demonstrating that it does not use an autodialer or artificial or prerecorded voice.[9] Despite knowing that the TCPA does not apply to Security Finance, Plaintiff's counsel is one of the only firms in the country who continues to assert new TCPA claims against Security Finance. In other words, despite having sworn testimony in-hand prior to filing of suits like this one proving that these claims are utterly baseless, counsel continues to file TCPA suits anyway.

---

[9] *See, e.g., Chelsea Heller v. Security Finance Corporation of Wisconsin*, Case No. 19-cv-1258, In the United States District Court for the Eastern District of Wisconsin (Affidavit of Robert Kelbe submitted to Sulaiman Law on October 28, 2019); *Mohammadahi Shoja v. Security Finance Corp. of Spartanburg*, Case No. 3:18-cv-00369, In the United States District Court for the Southern District of Texas (Affidavit of Robert Kelbe submitted to Sulaiman Law on December 10, 2018).

11.     Security Finance objects to these nineteen (19) areas of examination as duplicative of prior testimony given in this case. In light of the similar testimony given in prior cases brought by Plaintiff's counsel, Security Finance further objects to these areas of examination as harassing. Additionally, the timeframe of many of the requests is overbroad, seeking information not relevant to Plaintiff's asserted claims. These areas of examination are not proportional to the needs of the case.

**Areas of Inquiry Related to Third-Party Service Providers**

12.     Plaintiff has set forth six (6) areas of examination pertaining to third-party service providers (*e.g.*, outside companies hired by Security Finance to collect Plaintiff's debt):

| 18 | The identity and duties of any third party service providers/vendors utilized by SFC to assist in the collection of debts and/or delinquent accounts. |
|----|----|
| 19 | The level of control SFC has over the third parties that SFC employs or contracts with to collect debts on its behalf. |
| 20 | The procedures implemented by SFC to ensure that the third parties it employs or contracts with to collect debts on its behalf comply with applicable laws and regulations. |
| 38 | The identities of any third party vendors and/or contractors that placed collection calls to Plaintiff on SFC's behalf. |
| 39 | Communications between any third party that placed calls to Plaintiff on SFC's behalf and SFC regarding Plaintiff and/or the subject account(s). |
| 40 | Whether SFC authorized any third parties that placed calls to Plaintiff on SFC's behalf to hold themselves out as SFC when communicating with Plaintiff. |

Security Finance already answered written discovery on this point, providing written discovery responses that no third-party service providers were engaged for the purpose of collecting Plaintiff's debt.

13.     Security Finance objects to these six (6) areas of examination as duplicative of its prior discovery response that no such third party was engaged to collect Plaintiff's debt. Because of this, any of the above areas of examination is irrelevant to the claims or defenses in this case and is not proportional to the needs of the case. Examination regarding practices that were not utilized in the collection of Plaintiff's debt constitutes a fishing expedition.

**Areas of Examination Pertaining to Call Recordings**

14.     Plaintiff has set forth three (3) areas of examination pertaining to recorded calls:

| 26 | SFC's document retention policy, including but not limited to the retention of records relating to outbound phone calls to consumers. |
|----|---|
| 27 | SFC's phone recording capabilities, including the frequency SFC or its third party contractors/vendors record outgoing calls to consumers. |
| 28 | SFC's retention policy regarding recordings of outbound calls placed to consumers (including calls made by third parties on SFC's behalf). |

Security Finance does not record calls with consumers and has no recorded calls with Plaintiff, as previously stated in its responses to written discovery requests. Additionally, as noted above, Security Finance did not utilize a third-party service provider in the collection of Plaintiff's loan. Security Finance objects to these areas of inquiry as cumulative and harassing because they seek testimony regarding call recordings Plaintiff already knows were never created and do not exist. Additionally, for the reasons stated above, any inquiry into the call recording practices of third-party service providers is wholly irrelevant to Plaintiff's claims in this case.

**Areas of Examination Regarding Privileged Information**

15.     Plaintiff seeks to examine the corporate representative on internal emails about Plaintiff and the subject account.

| 53 | Internal emails regarding Plaintiff and/or the subject account(s). |
|----|---|

Security Finance objects to this area of examination as seeking to examine the corporate representative on communications which include emails with outside counsel and that are covered by attorney-client privilege.

**Areas of Examination Not Relevant to the Claims or Defenses Asserted**

16.     There are additional areas of examination that have nothing to do with the claims or defenses asserted:

| 22 | SFC's compensation to employees in the collections department or department that services delinquent accounts. |
|---|---|

Security Finance objects to this area of examination as seeking private and confidential financial information of its employees. The request is overbroad and is not reasonably tailored to either the specific employees who engaged in the collection of Plaintiff's loan or the office from which the loan was serviced. The compensation of Security Finance's employees is not relevant to whether they used certain telephony technology or used profanity on the calls, does constitute not evidence of any element of Plaintiff's causes of action and cannot serve as the basis for additional damages under these statutes.

| 23 | The methods SFC employs to obtain consumers' phone numbers. |
|---|---|

Security Finance objects to this request as seeking information not relevant to Plaintiff's claims. Security Finance produced its call records to Plaintiff. The only phone number at which Security Finance attempted to contact Plaintiff is the phone number he put on the initial credit application (which was also produced). This area of examination seeks information that is not relevant to the claims or defenses in this case, and is nothing more than a fishing expedition.

| 35 | All judgments against SFC in the last 5 years for violations of the Texas Debt Collection Act ("TDCA"). |
|---|---|

Security Finance objects to this request as overbroad, seeking information pertaining to claims of unrelated consumers brought years before the allegations set forth in Plaintiff's complaint. Security Finance further objects to this area in that it seeks information not relevant to Plaintiff's TDCA claim. The existence of a prior judgment is not evidence of any element of Plaintiff's TDCA cause of action and cannot serve as the basis for additional damages under the statute.

| 46 | Volume of calls that SFC regularly places or directs to be placed to consumers in the ordinary course of business. |
|----|----|

Security Finance objects to this request as not relevant to Plaintiff's claims in this case. Plaintiff has not alleged a TDCA violation for a calling him a harassing number of times. The volume of calls placed to unrelated consumers on unrelated debts is not evidence of any element of Plaintiff's TDCA cause of action and cannot serve as the basis for additional damages under the statute.

| 56 | Consent decrees that SFC has entered into in the last 4 years pertaining to its collection practices, including cases in which it was alleged that SFC's collection phone calls were harassing and abusive to consumers. |
|----|----|

Security Finance objects to this request as not relevant to Plaintiff's claims in this case. Consent decrees entered years before Plaintiff took out the loan he never repaid are not evidence of any element of Plaintiff's TDCA cause of action and cannot serve as the basis for additional damages under the statute.

**CONCLUSION**

17. At bottom, the deposition notice served on Security Finance looks exactly like every other deposition notice Plaintiff's counsel has served on Security Finance over the years—there is almost nothing in the notice tailored to the actual claims of this case. The Federal Rules do not empower Plaintiff to dredge the proverbial pond, hoping to find information inapplicable to the case at bar but otherwise potentially useful to Plaintiff's counsel in future cases. Rather,

the purpose of a 30(b)(6) deposition is to enable a claimant to examine a company on the knowledge it has about *this claimant* and *these claims.*

18.     Security Finance intends to comply by providing a corporate representative prepared to testify regarding areas of examination 4, 5, 6, 7, 21, 24, 25, 30, 31, 32, 37, 41, 42, 43, 44, 45, 47, 48, 54, and 55. However, for the reasons stated herein, Security Finance seeks entry of an order protecting it from areas of examination 1-3, 8-20, 22-23, 26-29, 33-36, 38-40, 46, 49-53 and 56-57.

WHEREFORE, SECURITY FINANCE OF TEXAS, LP seeks an Order protecting it from the areas of examination specified herein, and for any additional relief to which it may be entitled.

Respectfully submitted,

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
TBN# 24065813
HUSCH BLACKWELL, LLP
600 Travis Street, Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile
sabrina.neff@huschblackwell.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

On October 14, 2022 at 8:01 a.m., the undersigned corresponded with Plaintiff's counsel regarding the specific objections asserted herein and requesting a teleconference to discuss the possibility of resolving any of the stated objections. As of the filing of this Motion, the undersigned has not received a response. It is presumed that Plaintiff is opposed to the relief requested herein.

*/s/ Sabrina A. Neff*
Sabrina A. Neff

**CERTIFICATE OF SERVICE**

A copy of the foregoing has been served upon all counsel of record via the Court's ECF system on this the 14th day of October, 2022.


By: */s/ Sabrina A. Neff*
Sabrina A. Neff